UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BOBBY EARL TROTTER,
CDCR #BC-6851,
Plaintiff,

vs.

WARDEN and DR. ADAM CHEZYK,
Defendants.

Case No.: 3:26-cv-05892-RBM-DEB

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2]; and**

**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, [Doc. 1].**

Plaintiff Bobby Earl Trotter, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed In Forma Pauperis ("IFP"). (Docs. 1–2.)

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)–(2); *see Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his inmate trust account statement attested to by a trust account official. (Doc. 2 at 4.) The document shows he had an average monthly balance of $75.00 and average monthly deposits of $70.00, with an available balance of $26.77. (*Id.*) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $15.00. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff remains obligated to pay the entire $350 statutory fee in

full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1)–(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the Complaint

Plaintiff alleges that in March 2026, while housed at the R. J. Donovan Correctional Facility ("RJD"), he was sent to the Administrative Segregation Unit ("AdSeg"). (Doc. 1 at 1–3.) About three to five days after arriving, Defendant RJD Psychiatrist Dr. Chezyk

"changed my Ambilify medication to a generic Aripiprazole medication," which is not supposed to be given to older adults. (*Id.* at 3.) Plaintiff was 61 years old at the time and did not consent to the change in medication and was not warned of its dangers. (*Id.*) After nine days he was diagnosed at an outside hospital with pneumonia, and only then was his medication changed back. (*Id.*) Plaintiff claims that because Dr. Chezyk knew or should have known the medication could cause sudden death to an older patient with high blood pressure on anti-depressants, Dr. Chezyk committed malpractice, violated the Eighth Amendment's prohibition on cruel and unusual punishment, and attempted to murder Plaintiff. (*Id.*)

The remaining allegations in the Complaint state that: "Dr. Hodges is the doctor that was in position at the infirmary him and Dr. Muhammed." (*Id.* at 4.) Plaintiff alleges in a conclusory and confusing manner that those doctors refused "a second opinion" and "refused outside hospital treatment" when he went "man down" and called for assistance when he experienced chest pains on an unstated date. (*Id.*)

**C. Discussion**

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.* (quoting *Wilson*, 501 U.S. at 302–03).

"In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)); *see also Wilhelm*, 680 F.3d at 1122 (holding that a prisoner

plausibly alleges an Eighth Amendment violation where a failure to treat a serious medical need "could result in further significant injury or the unnecessary and wanton infliction of pain" and "the defendant's response to the need was deliberately indifferent.")

Plaintiff alleges that Dr. Chezyk knew or should have known the medication he prescribed could cause sudden death to an older patient with high blood pressure on anti-depressants because the medication came with such a warning. (Doc. 1 at 3.) Even assuming Dr. Chezyk was in possession of information from medical literature from which he could have drawn an inference that the medication was not safe to prescribe to a patient like Plaintiff, there are no allegations in the Complaint that Dr. Chezyk actually drew an inference that prescribing it to Plaintiff posed a significant risk to Plaintiff's health, as opposed to having committed medical malpractice, as Plaintiff alleges. *See Estelle*, 429 U.S. at 106 (an inadvertent failure to provide medical care, negligence or malpractice and differences of opinion over medical treatment do not state an Eighth Amendment claim); *Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not show deliberate indifference) (quoting *Estelle*, 429 U.S. at 106). If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim against Dr. Chezyk, he must set forth factual allegations which plausibly allege Dr. Chezyk knew the medication he prescribed Plaintiff posed a significant risk and, knowing of the risk, deliberately disregarded it. *See id.* at 837 (to act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is a higher standard than negligence or lack of ordinary due care for the prisoner's health. *Farmer*, 511 U.S. at 835; *Estelle*, 429 U.S. at 105–06 (the indifference must be substantial and rise to a level of "unnecessary and wanton infliction of pain.")

Plaintiff also alleges that Dr. Hodges and Dr. Muhammed were "in position at the infirmary," but refused "a second opinion" and "refused outside hospital treatment" when he sought assistance after experiencing chest pains on an unstated date. (Doc. 1 at 4.)

Because these allegations are vague and conclusory regarding whether they were aware that Plaintiff was experiencing a medical emergency and deliberately disregarded his need for medical care they are insufficient to state a plausible Eighth Amendment claim. *See Iqbal,* 556 U.S. at 678 (a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard.) Although Plaintiff identifies "Warden" as a Defendant, there are no allegations in the Complaint regarding this Defendant.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

**D. Leave to Amend**

Because Plaintiff is proceeding pro se, the Court will grant an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III. CONCLUSION

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Application to Proceed IFP. (Doc. 2.)

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $15.00 initial filing fee as well as the remaining $335.00 balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed.

/ / /

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff until **January 4, 2027** to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: November 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE